IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKLIN DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:21-CV-2333-B-BN |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In this capital habeas proceeding, the Federal Public Defender of the Northern District of Texas (FPD) has filed a motion (ECF no. 1) requesting that the Court appoint David Voisin and Katherine Black, two out-of-district attorneys, as counsel of record for petitioner Franklin Davis. For the reasons set forth below, the Court DENIES the motion without prejudice and instructs the FPD to re-file the motion recommending (1) at least one attorney who qualifies for appointment as lead counsel under 18 U.S.C. § 3599(b) or (d) and (2) at least one attorney who qualifies as local counsel under Local Rule CV-83.10 included among the pair of attorneys recommended for appointment in this cause.

Section 3599(b) authorizes a federal court to appoint as lead counsel in an original federal habeas corpus proceeding an attorney who has been admitted to practice before that court for at least five years and has engaged actively in the trial

of felony criminal matters for at least three of those years.[1] Proposed lead counsel, attorney David Voisin of Louisiana, does not appear to qualify under § 3599(b). Section 3599(d) authorizes a federal court to appoint as lead counsel an attorney "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." While attorney Voisin may well qualify for appointment as lead counsel in this cause under § 3599(d), the Court cannot make that determination without reviewing a copy of his CV and a list of the cases in which he has served as lead counsel in previous capital habeas corpus proceedings filed in other federal courts. The FPD's motion does not include such information.

Local Court Rule CV-83.10 requires that at least one attorney representing a party have an office within this District. Neither of the two attorneys named in the FPD's motion qualify as local counsel under Rule 83.10. Neither offices within a reasonable distance of this Court. The FPD furnished contact information for attorney Black indicating her office is in Austin, Texas but the State Bar of Texas' web site lists her office as being in Houston. Furthermore, the FPD indicates in the motion for appointment an intention on the part of attorneys Voisin and Black to

---

[1] The FPD relies on § 3599(c) for the statutory qualifications of proposed lead counsel. Section 3599(c) relates to the appointment of counsel in appellate cases. This is an original federal habeas corpus proceeding in which judgment has not yet been rendered by this Court. Therefore, § 3599(b) provides the statutory qualifications for appointed counsel.

seek the Court's waiver of Local Rule CV-83.10 but offers no reason for such a request.

The motion also includes no explanation as to whether the FPD made any effort to secure second chair representation for Davis from any attorney on this Court's panel of local counsel qualified for capital habeas appointments. Given the possibility that attorney Voisin qualifies for appointment as lead counsel under § 3599(d), co-counsel serving as second chair in this cause need not also qualify for appointment under Section 3599(b) or (d). This greatly increases the options available to both the FPD and this Court for appointment of co-counsel who can fulfill the requirements of Rule CV-83.10.

Accordingly, it is hereby ORDERED that (1) the FPD's motion for appointment of counsel, filed September 30, 2021 (ECF no. 1), is DENIED without prejudice and (2) the FPD is directed to file a new motion for appointment of counsel by October 27, 2021, and to recommend at least one attorney whom the FPD proposes to have appear on behalf of Davis in this cause who also qualifies as local counsel under Local Rule CV-83.10.

SIGNED October 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE