IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRANKLIN DAVIS**, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | No. 3:21-CV-02333 |
| **BOBBY LUMPKIN**, Director, | § § | **DEATH PENALTY CASE** |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| *Respondent*. | § | |

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, Franklin Davis, by undersigned counsel, respectfully requests that this Court appoint attorneys David Voisin, Katherine Froyen Black, and Stephen Green to represent him under 18 U.S.C. § 3599(a)(2) for his federal habeas corpus proceedings. In support of this request, Mr. Davis sets forth the following:

1. In November 2013, Mr. Davis was convicted of capital murder and sentenced to death in Criminal District Court No. 7 in Dallas County, Texas. *Davis v. State*, 2016 WL 6520209, *1 (Tex. Crim. App. Nov. 2, 2016). The Texas Court of Criminal Appeals ("CCA") affirmed the trial court's judgment and sentence of death on November 2, 2016. *Id.*

2. The Office of Capital and Forensic Writs ("OCFW") represented Mr. Davis for his state post-conviction proceedings under Article 11.071 of the Texas Code of Criminal Procedure. "Based on [its] own review," the CCA denied post-

conviction relief to Mr. Davis on September 15, 2021. *Ex parte Davis*, 2021 WL 4186452, *2 (Tex. Crim. App. Sept. 15, 2021). The OCFW cannot represent Mr. Davis in his federal habeas proceedings. Tex. Gov't Code § 78.054(b).

3. This Court's CJA Plan directs the Federal Public Defender for the Northern District of Texas ("FPD") to file a motion for appointment of counsel no later than 15 days after the CCA denies state habeas relief to a death-sentenced individual.[1] § XIV.F.2. Jointly with the OCFW, the FPD did so on September 30, 2021. Doc. 1. On October 6, 2021, this Court denied that motion without prejudice and directed the FPD "to file a new motion for appointment of counsel by October 27, 2021, and to recommend at least one attorney whom the FPD proposes to have appear on behalf of Davis in this cause who also qualifies as local counsel under Local Rule CV-83.10." Doc. 3 at 3.

4. Mr. Davis is entitled to the appointment of counsel under 18 U.S.C. § 3599(a)(2), which provides for the appointment of counsel for death-sentenced individuals for their federal post-conviction proceedings who are "financially unable to obtain adequate representation." Mr. Davis qualifies for appointment of counsel under this provision.[2]

5. The United States Supreme Court has repeatedly recognized the need for qualified counsel for indigent, death-sentenced individuals pursuing federal habeas corpus remedies. *Christeson v. Roper*, 574 U.S. 373, 377 (2015); *Martel*

---

[1] Alternatively, the CJA Plan states that the Federal Public Defender's Office for the Western District of Texas could submit this motion. § XIV.F.2.

[2] If appointed by this Court, Mr. Voisin, Ms. Black, and Mr. Green will file a motion on behalf of Mr. Davis to proceed *in forma pauperis* shortly after their appointment.

2

*v. Clair*, 565 U.S. 648, 657 (2012); *McFarland v. Scott*, 512 U.S. 849, 859 (1994). Capital federal habeas litigation requires specialized knowledge and experience. *See, e.g.,* 18 U.S.C. § 3599(d) (acknowledging "the unique and complex nature of the litigation"); *McFarland*, 512 U.S. at 856–57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989) (Stevens, J., dissenting))). Appointed counsel "should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings." CJA Plan, § XIV.F.8.

6. Qualifications for counsel in federal capital habeas proceedings are established by 18 U.S.C. § 3599. Section 3599(d) permits a federal court to "appoint an[] attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant."

7. Under this Court's CJA Plan, when a petitioner seeks appointment of counsel in a capital § 2254 matter, "a judge should appoint the FPD, consistent with funding and staffing levels of the FPD related to these types of cases, when no conflict of interest exists." § XIV.F.3.

8. The FPD is unable to represent Mr. Davis due to a conflict of interest. Specifically, an attorney at the FPD represented Mr. Davis during his state habeas proceedings while previously employed by the OCFW. In capital federal habeas proceedings, petitioners frequently argue that cause exists to excuse the procedural default of ineffective assistance of trial counsel claims because

3

their state habeas counsel was ineffective for failing to raise those claims. *Trevino v. Thaler*, 569 U.S. 413 (2013). Here, if such a claim exists, a conflict of interest would develop based on the FPD attorney's previous representation of Mr. Davis. Moreover, regardless of whether such a claim exists, the investigation into and decision about whether to pursue such a claim would require the FPD to evaluate its own attorney's work—a scenario equally plagued by conflict, and a path that would be inappropriate to undertake.

9. When the FPD is unable to accept appointment in a capital § 2254 case, "the judge should appoint other fully qualified counsel." CJA Plan, § XIV.F.3. "Due to the complex, demanding, and protracted nature of death penalty proceedings, the judge should consider appointing at least two attorneys." *Id.* at § XIV.F.4. Counsel need not be a member of this Court's bar, as "[o]ut-of-district counsel . . . who possess the requisite expertise may be considered for appointment in capital § 2254 cases to achieve cost and other efficiencies together with high quality representation." *Id.* at § XIV.F.6.

10. When appointing counsel "the judge may consider the recommendation of the federal public defender who may consult with the National or Regional Habeas Assistance and Training Counsel projects." CJA Plan, § XIV.F.5; *see also Guide to Judiciary Policy*, Vol. 7A, Ch. 2, Appx. 2A, § XIV.F.4 ("In appointing counsel in a capital § 2254 matter, judges should give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so."). Texas Habeas Assistance and Training

4

Counsel Project ("TXHAT") attorneys are "death penalty experts who may be relied upon by the court for assistance with selection and appointment of counsel[.]" *See* CJA Plan, § XIV.B.4.

11. Consistent with the CJA Plan, the FPD has consulted with TXHAT regarding a recommendation for Mr. Davis's federal habeas counsel.

12. The FPD and TXHAT recommend that this Court appoint David Voisin, Katherine Froyen Black, and Stephen Green to represent Mr. Davis.

13. Mr. Voisin, Ms. Black, and Mr. Green are willing to accept appointment to represent Mr. Davis. However, if this Court is not inclined to appointment all three attorneys to this case, they respectfully request that this Court appoint none of them.

14. Mr. Voisin qualifies for appointment at minimum under § 3599(d). He has been representing death-sentenced inmates in federal habeas and state post-conviction proceedings since 1993. From 1993-2000, he was a staff attorney at the Center for Capital Litigation (formerly the South Carolina Death Penalty Resource Center) in Columbia, SC. He worked at the Mississippi Office of Capital Post-Conviction Counsel from 2000-2003 and has served as Regional Habeas Resource Counsel in Mississippi since 2004. He has represented death-sentenced prisoners in capital federal habeas corpus proceedings in South Carolina, Mississippi, Louisiana, Texas, and Indiana. He has spoken at numerous Continuing Legal Education seminars dedicated to capital representation. Mr. Voisin is admitted to the bar for the United States Court

of Appeals for the Fifth Circuit.

15. Mr. Voisin's *curriculum vitae* is attached as Exhibit 1.

16. Consistent with this Court's directive, the FPD requested from Mr. Voisin "a list of the cases in which he has served as lead counsel in previous capital habeas proceedings filed in other federal courts." Doc. 3 at 2. Mr. Voisin has provided a list of cases attached at the end of Exhibit 1. In some instances, his prior appointments have not specified whether the appointment was as lead counsel. To ensure a complete list of appointments is provided to this Court, he has included all cases, even those which the appointment was not as lead counsel or not specified.

17. Mr. Voisin's contact information is: PO Box 804, Hammond, LA 70404; (601) 949-9486 (office) or (601) 842-0332 (cell); david@dvoisinlaw.com.

18. Ms. Black qualifies for appointment under § 3599(d). She has been representing death-sentenced inmates in federal habeas and state post-conviction proceedings since 2002. From 2002-2004, she represented clients in capital direct appeals as a Deputy State Public Defender at the Office of the State Public Defender in San Francisco, California. From 2004-2010, she was an Assistant Federal Public Defender in the Capital Habeas Unit at the Office of the Federal Public Defender for the Central District of California in Los Angeles, California. In 2017-2018, she represented death-sentenced prisoners in state post-conviction proceedings at the OCFW in Austin, Texas.[3] Since

---

[3] Although Ms. Black was employed by the OCFW from March 2017 until May 2018, she was not assigned to Mr. Davis' case, did not assist the attorneys assigned to his case with any work related to

6

September 2018, she has served as resource counsel to attorneys representing death-sentenced federal habeas petitioners in Texas through TXHAT.

19. Ms. Black's *curriculum vitae* is attached as Exhibit 2.

20. Ms. Black's prior capital post-conviction experience was with institutional offices, so she has not previously been appointed by federal courts in her individual capacity.

21. Ms. Black's contact information is: 205 Blue Ridge Trail, Austin, Texas 78746; (415) 847-6127 (cell); kfroyen@gmail.com.[4]

22. Local Rule 83.10 requires local counsel for all cases unless leave is granted from the presiding judge.

23. While he has no prior capital federal habeas experience, Mr. Green is well qualified to serve as local counsel in this matter. He served as a law clerk for two years to the Honorable Marcia Crone, United States District Judge for the Eastern District of Texas. Following that, Mr. Green worked for nearly six years as an Assistant Federal Public Defender for the Northern District of Texas. He entered private practice in May of this year, where he continues to represent indigent defendants in this district.

24. Mr. Green's *curriculum vitae* is attached as Exhibit 3.

25. Mr. Green's contact information is: 8150 N. Central Expy., Suite M2070,

---

his post-conviction proceedings, or acquire any confidential information about Mr. Davis' case while she was employed there. Thus, the potential conflict of interest that prevents the FPD from representing Mr. Davis in federal habeas proceedings does not prevent Ms. Black from seeking appointment in this case.

[4] This Court noted that the State bar website lists Ms. Black's office address in Houston. Doc. 3 at 2. As noted in the initial motion, Ms. Black is located in Austin. Her Texas bar number is 24099910. There is a different Katherine Black admitted to the Texas bar with a Houston address.

...
...

Dallas, Texas 75206; (214) 600-7255; stephen@stephengreenlaw.com.

26. The FPD recognizes that a request to appoint three attorneys is atypical. However, it is justified in this matter. Mr. Voisin and Ms. Black are highly experienced capital post-conviction attorneys able to ensure that Mr. Davis receives the quality representation that he is entitled to under § 3599. Appointing Mr. Green as local counsel in this matter will satisfy the requirements of Local Rule 83.10 and expand the pool of attorneys in this district qualified and capable of handling these cases in the future. It will provide Mr. Green an opportunity to litigate a capital federal habeas case alongside two veteran attorneys in the field, which will create the possibility of him handling a similar case in a more central role in the future.

27. Mr. Voisin and Ms. Black will file motions to appear pro hac vice in this case upon appointment.

For these reasons, Mr. Davis requests that this Court appoint attorneys David Voisin, Katherine Black, and Stephen Green to represent him in federal habeas corpus proceedings under 18 U.S.C. § 3599(a)(2).

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629

8

Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on Cara Hanna, Assistant Attorney General, Office of the Texas Attorney General via electronic mail at cara.hanna@oag.texas.gov.

>／s／ *Jeremy Schepers*
>Jeremy Schepers