IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKLIN DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:21-CV-2333-B-BN |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER SETTING DEADLINES AND DIRECTING FILING OF BUDGET PROPOSAL

The matter before the Court is the status of this case. In a separate Order, this court appointed counsel to represent Petitioner in this federal habeas corpus action motion pursuant to 18 U.S.C. Section 3599(c). This Order directs the filing of a proposed budget, as well as other procedural actions, and establishes a schedule for the filing of all relevant pleadings.

BACKGROUND

In November 2013 a Dallas County jury convicted Franklin Davis of capital murder, i.e., intentionally causing the death of Shania Gray while in the course of committing or attempting to commit the offense of obstruction (killing Gray for the purpose of preventing her from testifying against Davis in an on-going criminal case in which Davis was charged with having sexually assaulted Gray). Based on the jury's answers to the Texas capital sentencing special issues, the trial court imposed a sentence of death. The Texas Court of Criminal Appeals affirmed Davis's conviction and sentence. *Davis v. State*, AP-77,031, 2016 WL 6520209 (Tex. Crim. App. Nov. 2, 2016), *cert. denied*, 137 S. Ct. 2240 (2017). The Texas Court of Criminal Appeals subsequently denied Davis's application for state habeas corpus relief. *Ex parte Davis*, WR-84,065-01, 2021 WL 4186452 (Tex. Crim. App. Sept. 15, 2021).

## FILING OF PRO HAC VICE APPLICATIONS

In the Order issued November 3, 2021 (ECF no. 6), this court appointed attorney David Voisin, whose mailing address is P.O. Box 804, Hammond, Louisiana, 70404, and whose telephone number is (601) 949-9486, as lead counsel; attorney Katherine Froyen Black, whose mailing address is 205 Blue Ridge Trail, Austin, Texas, 78746, and whose telephone number is (415) 847-6127; and attorney Stephen Green, whose mailing address is 8150 N. Central Expressway, Suite M2070, and whose telephone number is (214) 600-7255, as co-counsel for Petitioner. The court directs all of the foregoing attorneys who are not currently admitted to practice before this court to file applications for leave to appear pro hac vice and pay the appropriate fee. If they have not already done so, the court also directs all of Petitioner's counsel to register via this court's web site as ECF and eVoucher users.

## FILING OF A PROPOSED BUDGET

Consistent with Section 7.B.2.b. of the Fifth Circuit's new CJA Plan, effective October 7, 2021, Petitioner's counsel are directed to file a proposed budget governing all activities before this court on behalf of Petitioner in this cause.

Accordingly, it is hereby ORDERED that:

1. On or before 21 days from the date of this Order, any of Petitioner's attorneys who are not currently admitted to practice before this court shall each file on the appropriate form an application for leave to appear pro hac vice and pay the appropriate fee to the Clerk of the Court. Petitioner's court-appointed counsel are instructed to contact the Clerk to obtain the appropriate form for seeking leave to proceed pro hac vice and to ascertain the appropriate fee.

2. If they have not already done so, on or before 21 days from the date of this Order,

each of Petitioner's counsel shall register via this court's website as an ECF user and as an eVoucher user.

   3. On or before **60 days** from the date of this Order, as required by Section 7.B.2.b. of the Fifth Circuit's new CJA Plan, effective October 7, 2021, Petitioner shall file a proposed budget that addresses the services of all counsel in district court. *See* Admn. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 640 (revised Feb. 6, 2019) ("Guide"). The proposed budget shall comply with the following guidelines:

- The proposed budget shall identify the major tasks assigned to each of Petitioner's counsel and furnish a preliminary estimate of the time for each task, so that the court may assess the allocation of work between them.

- Petitioner's proposed budget shall also include reasonable expenses of each counsel, including any and all travel expenses and requests for travel authorization.

- Absent good cause, the court expects attorneys Voisin or Black to handle all client visits, as attorney Voisin is lead counsel and attorney Black offices closer to Petitioner's TDCJ facility than other co-counsel.

- The proposed budget shall incorporate reasonable and diligent efforts to minimize costs and, where appropriate, use paralegals and law clerks for tasks that do not require an attorney's expertise.

- Any request by any of Petitioner's counsel to employ the services of any other attorney associated with their firms must be included in the proposed budget and must identify the attorney(s) to be utilized in Petitioner's representation in this cause by name, their years of relevant legal experience, and their assigned

tasks. *See* Misc. Order 3, at XII(B)(2) ("An appointed counsel may not claim compensation for services furnished by a partner or associate, or counsel who is not a partner or associate, without prior authorization by the presiding judge.").

- The proposed budget must reflect every effort to avoid the duplication of work and must maintain a reasonable division of labor between Petitioner's counsel.

- The court will not accept extensive billing for duplicate services or conferences between counsel and co-counsel.

- Unless prior authorization is obtained based on a showing of good cause, the court will not authorize compensation for more that one attorney to attend court hearings, client meetings, and witness interviews.

- The court will not approve the unreasonable duplication of work with respect to the reading of the state court record. Petitioner's counsel are ordered to include in their budget proposal a plan for dividing up the record and reviewing it in a way that minimizes the duplication of effort. If paralegal services are utilized to review and summarize the record, the court expects counsel's record review to be correspondingly reduced.

4. Petitioner's proposed budget should not include investigative, expert, or other services governed by 18 U.S.C. § 3599(f). Any requests for authorization of such services shall be made separately in accordance with 18 U.S.C. § 3599(f). *See* Guide § 660.20. Nothing in this Order authorizes ex parte consideration of such requests without a proper showing concerning the need for confidentiality under § 3599(f).

5. On or before **September 14, 2022**, Petitioner shall file and serve on the Criminal

Appeals Division of the Office of the Texas Attorney General his original federal habeas corpus petition in this cause. Petitioner's petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that Petitioner wishes this Court to consider in connection with his capital murder conviction and sentence of death.

6. Respondent shall file his answer to Petitioner's federal habeas corpus or other responsive pleading on or before **90 days after receipt** of a copy of Petitioner's federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the *Federal Rules of Civil Procedure*. Respondent shall serve Petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the *Federal Rules of Civil Procedure*.

7. <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Petitioner's federal habeas corpus petition. If Respondent denies that Petitioner has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Petitioner's petition, Respondent shall explain, in detail, those state remedies still available to Petitioner with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Petitioner has procedurally defaulted on any ground for relief contained in Petitioner's federal habeas corpus petition, respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief Respondent contends are procedurally defaulted from consideration by this

Court.

8. <u>Abuse of the Writ</u>.  In the event Respondent wishes to assert the defense that the Petitioner has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Petitioner's part, have been included in an earlier federal habeas corpus petition filed by Petitioner.

9. <u>Second or Successive Petition</u>.  In the event Respondent wishes to assert the defense that this is a second or successive federal habeas corpus petition filed by Petitioner attacking the same state criminal judgment and that the Petitioner has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

10. <u>Limitations</u>.  In the event that Respondent wishes to assert the defense that the Petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Petitioner's federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

11. <u>State Court Records</u>.   On or before **thirty days after** the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Petitioner's state trial, direct appeal, and state habeas corpus proceedings.  In cases in which Petitioner asserts a claim in this court pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall also file true and correct copies of all juror questionnaires completed by any and all members of the jury venire from which Petitioner's petit jury was selected.  Any such juror questionnaires may be filed under seal.

12. <u>Petitioner's Reply</u>.  On or before **thirty days after** the date Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading, petitioner shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

13. <u>Extensions</u>.  Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

14. Petitioner is advised that his court-appointed counsel is not required to accept collect telephone calls from Petitioner or any person acting on Petitioner's behalf and that said counsel is not required to expend said counsel's own funds to investigate any claim or potential claim in this cause.

15. The Clerk shall send a copy of this Order via first class mail with a receipt acknowledgment card enclosed or attached to (1) Petitioner, (2) each of Petitioner's counsel of record, and (3) Respondent's counsel of record.

16. All pleadings, motions, and other documents filed in this cause shall conform in all respects to this Court's Local Rules.

**SIGNED November 5, 2021.**

_____
**DAVID HORAN**
**UNITED STATES MAGISTRATE JUDGE**