IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKLIN DAVIS, | § |
| Petitioner, | § § § |
| v. | § § No. 3:21-CV-2333-B-BN |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § |
| Respondent. | § § |

MEMORANDUM OPINION AND ORDER

Petitioner Franklin Davis filed this federal habeas corpus action pursuant to 28 U.S.C. Section 2254 challenging his state court conviction for capital murder.

## I. INTRODUCTION

Davis testified during the guilt-innocence phase of his capital murder trial in November 2013 and admitted that he stepped on the throat of his teenage victim, twice shot her, and then rolled her unnresponsive body into a pond. A Tarrant County jury convicted Davis of capital murder and answered the Texas capital sentencing special issues favorably to the prosecution. The Texas Court of Criminal Appeals affirmed Davis's conviction and death sentence on direct appeal and denied state habeas corpus relief.

Davis filed his original petition for federal habeas relief on September 14, 2022 (ECF no. 33), asserting six claims including a claim that his trial counsel rendered ineffective assistance by failing to adequately investigate Davis's background and present all available mitigating evidence (*i.e.*, his claim premised on the Supreme Court's holding in *Wiggins v. Smith*, 539 U.S. 510 (2003)).

On July 5, 2024, Davis filed an opposed motion for leave to amend and a proposed amended petition (ECF nos. 108 & 109), in which Davis argued for the first time in any legal

proceeding that his trial counsel rendered ineffective assistance by arguing at the guilt-innocence phase of trial that Davis was not guilty of capital murder but, rather, only non-capital murder because Davis's motive for committing his offense was unrelated to the fact his victim was a potential prosecution witness at his then-rapidly-approaching trial for the sexual assaul of his murder victimt (ECF no. 108-1).  Davis's proposed amended complaint also furnished a greatly expanded version of the facts supporting his *Wiggins* claim.  In an Order issued March 20, 2025, the Magistrate Judge denied Davis's motion requesting leave to amend (ECF no. 117).  Davis filed objections to the Magistrate Judge's Order denying leave to amend on May 5, 2025 (ECF no. 120).

For the reasons set forth below, all of Davis's objections (ECF no. 120) to the Magistrate Judge's Order of March 20, 2025 (ECF no. 117) denying Davis's motion for leave to amend are OVERRULED.  All relief requested in Davis's motion for leave to amend is DENIED.

## II. BACKGROUND

Davis testified extensively at the guilt-innocence phase of his trial and admitted that, in the weeks leading up to his capital offense, he stalked his teenage victim physically and electronically, hacked her telephone, and then shot her twice, stepped on her throat, and rolled her into a body of water, all because her outcries of sexual assault against him had resulted in the filing of criminal charges which were about to proceed to trial.  A lengthy and accurate summary of Davis's tacit confession to capital murder during his trial testimony, along with a detailed discussion of the prosecution's other evidence, appears in the Texas Court of Criminal Appeals' opinion affirming Davis's conviction and resulting death sentence ondirect appeal.  *Davis v. State*, AP-77,031, 2016 WL 6520209, *1-11 (Tex. Crim. App. Nov. 2, 2016).  Throughout his trial testimony, as he had asserted in multiple post-arrest interviews, Davis repeatedly insisted

that he had murdered his victim because her allegations that Davis had sexually assaulted her had ruined his life. Davis insisted at trial that, when he murdered his victim, he was focused not on her status as a potential prosecution witness but, rather, on his own history as a victim of childhood sexual abuse. In his proposed amended petition, Davis argues his trial counsels' decision to present a defensive theory consistent with Davis's trial testimony was ineffective assistance because tht defensive theory was inconsistent with established Texas law defining capital murder and because his trial counsel should have focused, instead, on presenting evidence during the guilt-innocence phase of trial establishing that Davis was himself a victim of childhood sexual abuse at the hands of multiple family members.

### III. ANALYSIS

The Magistrate Judge's Order issued March 20, 2025 (ECF no. 117) denying Davis's motion for leave to amend correctly identified the legal standard for evaluating a motion for leave to amend a federal habeas petition: Rule 15(a) of the Federal Rules of Civil Procedure. *Foman v. Davis*, 378 U.S. 178, 182 (1962). The relevant factors consist of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies through amendmentsn previously allowed, undue prejudice to the opposing party through allowance of the amendment, fuitlity of the amendment, etc. *Id.* Significantly the Supreme Court's decision in *Foman* did not purport to furnish an exhaustive list of all factors which a federal court may consider in ruling on a motion for leave to amend.

The Magistrate Judge concluded leave to amend should not be granted to Davis in this case because his new ineffective assistance claim was (1) premised on facts which were readily apparent long before the date Davis filed his original federal habeas corpus petition from the state trial court record, as well as the lengthy record from Davis's state habeas corpus

3

proceeding, including the extensive state habeas testimony given by Davis's four trial counsel regarding the thought processes which underlay their strategic decision-making at trial and (2) allowing the proposed amendment would be futile because Davis's proposed amended petition failed to allege sufficient specific facts to satisfy Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (henceforth the "federal habeas rules").  The Magistrate Judge concluded Davis had unduly delayed in asserting his new ineffective assistance claim and that the proposed new ineffective assistance claim was so insubstantial it was subject to summary dismissal under Rule 4 of the federal habeas rules.

In his objections filed May 5, 2025 (ECF no. 120), Davis argued, in part, that (1) his proposed amendment did not unduly delay this federal habeas proceeding because the State failed to allege that it would be prejudiced by allowing the amendment and (2) the Magistrate Judge prematurely evaluatred the merits of Davis's proposed new (and unexhausted) ineffective assistance claim.  Neither of these argument is persuasive.

The Supreme Court has recognized that the AEDPA was enacted, in part, for the very purpose of encouraging reductions in the delay caused by federal habeas proceedings in the execution of state criminal sentencves, especially capital sentences.  *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007); *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  The AEDPA furthers the principles of finality, comity, and federalism.  *Miller v. Cockrell-El*, 537 U.S. 322, 337 (2003).  The Supreme Court has also made clear that States possess a powerful and legitimate interest in punishing the guilty.  *Brown v. Davenport*, 596 U.S. 118, 132 (2022).

The Magistrate Judge correctly recognized that all of the facts underlying Davis's multi-facted unexchausted new ineffective assistance claim were readily apparent from the state court record to all but the most inept of counsel at least as early as the date Davis filed his original

4

federal habeas petition. The Magistrate Judge reasonably concluded that Davis failed to furnish any rational justification for failing to present his new and unexhausted ineffective assistance claim in his original federal habeas petition. After reviewing the record, this Court agrees. Davis has wholly failed to furnish any rational explanation for his failure to include all of the claims and factual theories underlying those claims contained in his proposed amended complaint when he filed his original federal habeas petition.

Davis's claims in his original federal habeas petition are the subject of findings, conclusions, and a recommendation by the Magistrate Judge that Davis be denied federal habeas relief (ECF no. 123). Allowing Davis's proposed amendment to add a wholly new and unexhausted ineffective assistance claim at this juncture would necessarily interfere with Texas's legitimate and powerful interest in carrying out the execution of a death row inmate who took the stand at trial and not only confessed to murdering his victim but insisted that he was justified in doing so because her allegations that Davis had sexually assaulted her on multiple occasions had somehow ruined his life. Davis's trial testimony was replete with irony. He failed to comprehend that his own actions in murdering his accuser prevented him from obtaining the thing he claimed to most desire - the opportunity to clear his name in front of a jury.

Respondent correctly points out that allowing Davis's proposed amendment at this juncture would prejudice its legitimate interests (ECF no. 110, pp. 14-15).

Furthermore, for the reasons discussed at length in the Respondent's brief in opposition to amendment, Davis's new and unexhausted ineffective assistance claim does not relate back to any of the claims contained in his original federal habeas petition (ECF no. 110, 10-14, citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). Thus, Davis's new sn unexhausted ineffective assistance claim would be barred by the AEDPA's one-year statute of limitations even if this

Court allowed the amenemdnet in question. This is the very definition of futility.

Finally, this Court concludes the Magistrate Judge's review of the lack of legal substantiality contained in Davis's proposed new and unexhausted inefective assistance claim was not erroneous. As noted above, the criteria to be considered when determining whether to allow an amendment discussed by the Supreme Court in *Foman* are not exhaustive. Certainly, a court is entitled to consider whether a proposed new federal habeas claim would be subject to summary dismissal under the federal habeas rules when determining whether to allow an amendment to a federal habeas petition to include such a clearly metitless claim.

Here, Davis's proposed new and unexhausted claim would necessarily have been subject to summary dismissal. Davis gave multiple statements to law enforcement officersd and the media following his arrest in which he admitted to all the essential elements of capital murder. Furthermore, prosecution experts testified without contradiction that the allegedly exculpatory texts (addressing the sexual assault charges against Davis) which Davis claimed were sent to his pohone by his victim/accuser were, in fact created and sent to Davis's phone by Davis himself using very sophisticated compuer applications. Finally, Davis alleges no facts suggesting there was anything his four trial counsel could have done to convince Davis not to take the stand at the guilt-innocence phase of trial, where he candidly admitted he murdered his teenage victim after stalking her for many weeks.

Thus, Davis's trial counsel were confronted at trial with a client who (1) made the decision to testify at the guilt-innocence phase of trial after giving multiple post-arrest statements in which he admitted he had murdered his victim/accuserm (which statements were available for use in impeaching Davis's trial testimony); (2) had repeatedly denied to defense counsel and the defense's team of mental health experts that he had been sexually abused by

6

family members as a child; but (3) surprised his own trial counsel on the eve of trial by suddenly changing his story and claiming he had been sexually assaulted as a child by his grandfater and an older brother. Under such circumstances, Davis's trial counsel counsel cannot reasonably be faulted for at least attempting to argue to the jury that Davis's murderous actions were motivated by rage over his victim's allegedly false accusations against Davis, rather than the victim's status as a potential prosecution witness at Davis's sexual assault trial.

Trial counsel are not legally required to present a defense when none is available. *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984). However, trial counsel cannot reasonably be faulted for attempting to throw a Hail Mary when their own client sabotaged their best efforts to furnish a defense at the guilt-innocence phase of trial (by making materially false post-arrest representations concerning the source of the text messages which he claimed exonerated him in his sexual assault case) or to avoid the imposition of a death sentence (by deliberately concealing relevant information about his own background from his defense team).

The Magistrate Judge's conclusions that Davis's proposed new and unexhausted ineffective assistance claim failed to satisfy either prong of the analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), are compelling. Nothing in Rule 15(a), Fed. R. Civ. P., requires a federal court to allow an amendment to a federal habeas corpus petition which adds such a legally frivolous ineffective assistance claim submitted after the expiration of the AEDPA statute of limitations.

## IV. ORDER

For the foregoing reasons, it is hereby ORDERED that all of Davis's objections to the Magistrate Judge's Order issued March 20, 2025 (ECF no. 117) are OVERRULED; all relief requested in Davis's motion for leave to amend, filed July 5, 2024 (ECF nos. 108 & 109), is

DENIED.

**DATED: August 18, 2025**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE